U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

84

UNITED STATES DISTRICT COURT

MAR 16 10 29 AM '95

FOR THE DISTRICT OF VERMONT

CLERK
BY ____
DEPUTY CLERK

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Criminal No. 94CR078-01 |
| | ) 21 U.S.C. §§ 846, 841(a)(1) |
| AQUILES NUNEZ | ) |

## SUPERSEDING INDICTMENT

## COUNT 1

The Grand Jury charges:

From on or about February 1, 1992 up to and including September 30, 1994, within the District of Vermont and the District of Rhode Island, AQUILES NUNEZ, the defendant, did knowingly and intentionally combine, conspire, confederate and agree with Richard James, Manuel Gonzalez, David Cunningham and others, to commit offenses against the United States as defined in Subchapter I of Chapter 13, Title 21 United States Code, that is, to knowingly and intentionally possess with the intent to distribute cocaine and to knowingly and intentionally distribute cocaine, a Schedule II controlled substance, all in violation of 21 U.S.C. § 846.

## OBJECT OF THE CONSPIRACY

It was the object of the conspiracy for the conspirators to unjustly enrich themselves by knowingly and intentionally distributing cocaine and possessing with the intent to distribute cocaine, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1).

I hereby attest and certify on April 18, 2007, that the foregoing document is a full, true and correct copy of the original on file in my office, and in my legal custody.
RICHARD PAUL WASKO
Clerk, U.S. District Court
District of Vermont
BY: Lisa Wright
Deputy Clerk

84

**MEANS AND METHODS USED TO ACHIEVE THE OBJECT OF THE CONSPIRACY**

In order to achieve the object of the conspiracy, the defendant employed the following means and methods. David Cunningham was engaged in the unlawful activity of selling cocaine in Addison County, Vermont. Richard James and others regularly travelled from Addison County, Vermont to Rhode Island to acquire cocaine for David Cunningham. In Rhode Island, Aquiles Nunez and Manuel Gonzalez distributed quantities of cocaine to Richard James and others for resale in Vermont.

On August 7, 1992, David Cunningham was arrested by law enforcement authorities. After August 7, 1992, Richard James continued to acquire cocaine from Aquiles Nunez and Manuel Gonzalez for resale in Vermont for the unlawful enrichment of the remaining conspirators. Manuel Gonzalez participated in the conspiracy by distributing cocaine on behalf of Aquiles Nunez.

**OVERT ACTS**

The following overt acts, among others, were committed in the District of Vermont and the District of Rhode Island:

1. Beginning on or about February 1, 1992, up to on or about August 1, 1992, Richard James travelled at least once a month from Vermont to Rhode Island.

2. From on or about February 1, 1992 to August 1, 1992, Aquiles Nunez distributed cocaine at least once a month to Richard James.

3. On June 9, 1994, Richard James travelled to Rhode Island from Vermont.

4. On June 9, 1994, Richard James sold a quantity of cocaine in Vermont.

5. On July ~~13~~ 7, 1994, Manuel Gonzalez distributed a quantity of cocaine to Richard James.

6. On July 29, 1994, Aquiles Nunez distributed a quantity of cocaine to Richard James.

7. On September 21, 1994, Aquiles Nunez met with Richard James.

8. On September 30, 1994, Aquiles Nunez and Manuel Gonzalez possessed a quantity of cocaine.

(21 U.S.C. § 846)

**COUNT 2**

The Grand Jury further charges:

On or about June 9, 1994, in the District of Vermont, AQUILES NUNEZ, the defendant, did knowingly and intentionally distribute cocaine, a Schedule II controlled substance.

(18 U.S.C. § 2; 21 U.S.C. § 841(a)(1))

**COUNT 3 - 5**

The Grand Jury further charges:

On or about the dates set forth below, in the District of Vermont, AQUILES NUNEZ, the defendant, did knowingly and intentionally distribute a quantity of cocaine, a Schedule II controlled substance:

| **COUNT** | **DATE** |
|---|---|
| 3 | July 2, 1992 |
| 4 | July 6, 1992 |
| 5 | July 8, 1992 |

(18 U.S.C. § 2; 21 U.S.C. § 841(a)(1))

**COUNT 6 - FORFEITURE**

The Grand Jury further charges:

1. The allegations set forth in Count 1, which is an offense punishable by imprisonment for more than one year, are hereby repeated, realleged and incorporated herein by reference.

2. As a result of the offense charged in Count 1, the defendant shall forfeit to the United States any and all property used or intended to be used in any manner or part to commit or to facilitate the commission of the offenses alleged in Count 1 of this indictment, including but not limited to the following:

> All that lot or parcel of land, together with its buildings, improvements, fixtures, attachments and easements, located at 1406-1408 Broad Street, Providence, Rhode Island, being further described in Book 2560, Page 192 of the Providence Records of Land Evidence.

3. If any of the property described in paragraph 2 as being subject to forfeiture pursuant to Title 21, United States Code, Section 853, as a result of any act or omission of the defendant, (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any property of the defendant up

to the value of said property listed above as being subject to forfeiture.

4. By virtue of the commission of the felony offense charged in Count 1 of this Indictment by the defendant, AQUILES NUNEZ, any and all interest AQUILES NUNEZ has in the above-described property is vested in the United States and hereby forfeited to the United States pursuant to 21 U.S.C. § 853.

(21 U.S.C. §§ 846 and 853)

**COUNT 7 - FORFEITURE**

The Grand Jury further charges:

1. The allegations set forth in Count 1, which is an offense punishable by imprisonment for more than one year, are hereby repeated, realleged and incorporated herein by reference.

2. As a result of the offense charged in Count 1, the defendant shall forfeit to the United States any and all property used or intended to be used in any manner or part to commit or to facilitate the commission of the offense alleged in Count 1 of this indictment, including but not limited to the following:

> All that lot or parcel of land, together with its buildings, improvements, fixtures, attachments and easements, located at 18-20 Elma Street, Providence, Rhode Island, being further described in Book 1210, Page 902 of the Providence Records of Land Evidence.

3. If any of the property described in paragraph 2 as being subject to forfeiture pursuant to Title 21, United States Code, Section 853, as a result of any act or omission of the defendant, (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any property of the defendant up to the value of said property listed above as being subject to

forfeiture.

4. By virtue of the commission of the felony offense charged in Count 1 of this Indictment by the defendant, AQUILES NUNEZ, any and all interest AQUILES NUNEZ has in the above-described property is vested in the United States and hereby forfeited to the United States pursuant to 21 U.S.C. § 853.

(21 U.S.C. §§ 846 and 853)

A TRUE BILL

FOREPERSON

JMC

CHARLES R. TETZLAFF
United States Attorney

Burlington, Vermont
March 16, 1995