245 B (7/93) Sheet 1—Judgment in a Criminal Case



113

# United States District Court

District of Vermont

WB

UNITED STATES OF AMERICA

v.

Aquiles Nunez

## JUDGMENT IN A CRIMINAL CASE

(For Offenses Committed On or After November 1, 1987)

Case Number: 5:94-78-1

David Cooper, Esq.
Defendant's Attorney

THE DEFENDANT:

☐ pleaded guilty to count(s) _____

☐ pleaded nolo contendere to count(s) _____ which (was) (were) accepted by the court.

☒ was found guilty on count(s) 1,2,3,4 and 5 after a plea of not guilty.

| Title & Section | Nature of Offense | Date Offense Concluded | Count Numbers |
|---|---|---|---|
| 21:846 | Conspiracy to distribute cocaine | 2/1/92-9/30/94 | 1 |
| 18:2;21:841(a)(1) | Distribution of cocaine | 6/9/94 | 2 |
| 18:2;21:841(a)(1) | Distribution of cocaine | 7/2/92 | 3 |
| 18:2;21:841(a)(1) | Distribution of cocaine | 7/6/92 | 4 |
| 18:2;21:841(a)(1) | Distribution of cocaine | 7/8/92 | 5 |

The defendant is sentenced as provided in pages 2 through 5 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____ (is) (are) dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Defendant's Soc. Sec. No.: 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

Defendant's Date of Birth: 10/7/57

Defendant's USM No.: 04049-070

Defendant's Mailing Address:
18 Elma Street
Providence, RI

Defendant's Residence Address:
18 Elma Street
Providence, RI

July 24, 1995
Date of Imposition of Judgment

[signature]
Signature of Judicial Officer

Franklin S. Billings, Jr.
Senior U. S. District Judge
Name & Title of Judicial Officer

July 24, 1995
Date

I hereby attest and certify on April 18, 2007, that the foregoing document is a full, true and correct copy of the original on file in my office, and in my legal custody.
RICHARD PAUL WASKO
Clerk, U.S. District Court
District of Vermont
BY: Lisa Wright
Deputy Clerk

113

DEFENDANT: Nunez
CASE NUMBER: 94-78-1



## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of 121 months on each count to run concurrently.

☐ The court makes the following recommendations to the Bureau of Prisons:

☒ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district.

- ☐ at ________ a.m./p.m. on ________.
- ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons.

- ☐ before 2 p.m. on ________.
- ☐ as notified by the United States Marshal.
- ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

**I have executed this judgment as follows:**

________________________________________

________________________________________

________________________________________

Defendant delivered on ________________ to ________________

at ________________, with a certified copy of this judgment.

________________________
UNITED STATES MARSHAL

By ________________________
Deputy Marshal

DEFENDANT: Nunez
CASE NUMBER: 94-78-1



## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of 5 years.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

While on supervised release, the defendant shall not commit another federal, state, or local crime.

While on supervised release, the defendant shall not illegally possess a controlled substance.

☐ While on supervised release, the defendant shall not possess a firearm or destructive device. (Check, if applicable.)

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Financial Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the following additional conditions:

The defendant is to participate in a substance abuse treatment program approved by the U. S. Probation Officer. This program may include testing to determine whether the defendant has reverted to the use of drugs or alcohol.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer within 72 hours of any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occassioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: Nunez
CASE NUMBER: 94-78-01



## FINANCIAL PENALTIES

The defendant shall pay the following total financial penalties in accordance with the schedule of payments set out below.

| Count | Assessment | Fine | Restitution |
|---|---|---|---|
| 1 | $50.00 | | |
| 2 | 50.00 | | |
| 3 | 50.00 | | |
| 4 | 50.00 | | |
| 5 | 50.00 | | |
| **Totals:** | $250.00 | | |

## FINE

The fine includes any costs of incarceration and/or supervision.

The defendant shall pay interest on any fine of more than $2,500, unless the fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. § 3612(f). All of the below payment options are subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

☐ The court has determined that the defendant does not have the ability to pay interest and it is ordered that:

- ☐ The interest requirement is waived.
- ☐ The interest requirement is modified as follows:

## RESTITUTION

The defendant shall make restitution to the following persons in the following amounts:

| Name of Payee | Amount of Restitution | Priority Order of Payment |
|---|---|---|

Each restitution payment shall be divided proportionately among the payees named unless specified in the priority payment column above.

Case 1:94-cr-00078-gm Document 113 Filed 07/24/1995 Page 5 of 5

DEFENDANT: Nunez
CASE NUMBER: 94-78-1



## SCHEDULE OF PAYMENTS

Payments shall be applied in the following order: (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.

The total fine and other monetary penalties shall be due as follows:

- ☒ XX in full immediately.
- ☐ in full not later than ______________.
- ☐ in __________ installments of $ __________ over a period of __________ to commence 30 days after the date of this judgment. If this judgment imposes a period of incarceration, payment shall be due during the period of incarceration.
- ☐ in installments to commence 30 days after the date of this judgment. If this judgment imposes a period of incarceration, payment shall be due during the period of incarceration. During a period of probation or supervised release supervision payment of any unpaid balance shall be a condition of supervision and the U.S. probation officer shall establish and may periodically modify the payment schedule provided that the entire financial penalty is paid no later than the termination of supervision but in no event no later than 5 years after release from incarceration.

☐ The defendant shall pay the costs of prosecution.

☐ The defendant shall forfeit the defendant's interest in the following property to the United States.

All financial penalty payments are to be made to the Clerk of Court, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program.